IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-23-0036 |
| JANE ELLEN CAMPBELL, | * | CIV. NO. JKB-25-0633 |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Jane Campbell was charged with Conspiracy to Commit Sexual Exploitation of Child, Sexual Exploitation of a Child, and Distribution of Child Pornography. (ECF No. 59.) She pleaded guilty to the child pornography charge. (ECF No. 111.) She was sentenced to 210 months' imprisonment. (ECF No. 151.) Campbell appealed, and the Fourth Circuit affirmed. (ECF Nos. 212, 213.) Campbell has filed a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 214.) For the reasons that follow, the Motion will be denied and a certificate of appealability will not issue.

### I. Legal Standard

28 U.S.C. § 2255 allows a federal prisoner to move to set aside a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" The movant in a § 2255 proceeding bears the burden of proving his entitlement to relief by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Though a court must hold a hearing when the movant raises a genuine dispute of fact, the court need not do so where

"the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b).

As is relevant for the pending Motion, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To obtain relief under § 2255 on a theory of ineffective assistance of counsel, a petitioner has the burden of demonstrating (1) that he received ineffective assistance of counsel and (2) that he was prejudiced by that ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). Proving the first element requires "overcoming the strong presumption that counsel's representation was within the wide range of reasonable professional assistance." *United States v. Mayhew*, 995 F.3d 171, 176 (4th Cir. 2021) (citation and internal quotation marks omitted). Proving the second element requires showing that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In the context of a guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is a high bar, and "[t]here is a most substantial burden on the claimant to show ineffective assistance." *Premo v. Moore*, 562 U.S. 115, 132 (2011). Further, in evaluating a claim in the context of a guilty plea, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of State of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992).

2

In addition, it is well established that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

## II. Analysis

In support of her § 2255 Motion, Campbell argues that "counsel was ineffective and committed plain error by not challenging all aspects of petitioner's court proceedings." (ECF No. 214 at 4.) She also argues that the "[t]his Court adjudicated multiple indictments of the complaint. US Prosecution should have [recused] themselves because they couldn't fairly adjudicate this case without bias[] [toward] the petitioner." (*Id.* at 5.)

With respect to her claim about ineffective assistance of counsel, Campbell's claim provides no detail about counsel did or did not do, and "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *Dyess*, 730 F.3d at 359. Her Motion must be denied on this basis alone.

Further, the following exchange occurred during Campbell's Rule 11 hearing:

THE COURT: Ms. Campbell, have you fully discussed the charges in the indictment and the case in general with your lawyer?
THE DEFENDANT: Yes.
THE COURT: Are you fully satisfied with the legal representation that you have received from your attorney?
THE DEFENDANT: Yes.
THE COURT: Do you believe that your attorney has given you good advice?
THE DEFENDANT: Yes.
THE COURT: Do you believe that your lawyer has been a zealous and effective legal advocate on your behalf?
THE DEFENDANT: Yes.

(ECF No. 191 at 6.) And "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields*, 956 F.2d at 1299. As the Fourth Circuit has explained:

3

> A defendant's solemn declarations in open court affirming a plea carry a strong presumption of verity, because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings.

*United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (citations, internal quotation marks, and alterations omitted). Campbell presents no reason why her counsel was ineffective, and no reason why the Court should not rely on her statements during the Rule 11 hearing. Campbell therefore fails to establish deficient performance on her counsel's part, or prejudice.

With respect to Campbell's claim that this Court and the prosecution were biased, those arguments are procedurally defaulted. The failure to raise a claim on direct appeal constitutes a procedural default barring its presentation in a § 2255 petition, unless the petitioner can demonstrate either cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). Campbell did not raise this argument on appeal, and she has not argued (let alone demonstrated) cause and prejudice or actual innocence.

Even if it were not procedurally defaulted, this argument fails. Campbell's claims are vague and conclusory, and there is nothing improper about the Court adjudicating a case involving multiple defendants, or the Government bringing charges against multiple defendants.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner

4

satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citation and quotation marks omitted). Campbell does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

## IV. Conclusion

For the foregoing reasons, its it ORDERED that:

1. Campbell's § 2255 Motion (ECF No. 214) is DENIED;
2. A certificate of appealability SHALL NOT ISSUE;
3. The Clerk is DIRECTED to close Civil Case JKB-25-0633.

DATED this 23 day of September, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

5